UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ORLANDO IRVIN JOHNS,

      Petitioner,

v.                                        Civil Action No.  2:16-cv-223

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

      Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Orlando Irvin Johns' ("Petitioner")

Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 6 ("the

Petition"),[1] and the Respondent's Motion to Dismiss, ECF No. 14.  The Motion was referred for

disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28

U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of

Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain

Matters to United States Magistrate Judges.   For the following reasons, the undersigned

**RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and

the Petition, ECF No. 6, be **DISMISSED with PREJUDICE.**

---

[1] Petitioner initiated this action on May 6, 2016 by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 to purportedly redress alleged violations of his constitutional rights, but the relief requested therein was actually for that of a writ of habeas corpus. ECF No. 1. Because Petitioner's allegations were not set forth on a form for filing a petition for a writ of habeas corpus, much of the information needed to proceed in a habeas corpus case had not been provided. Therefore, on May 27, 2016, the Court ordered Petitioner to resubmit his request as a Petition for a Writ of Habeas Corpus using the proper form. ECF No. 2. Petitioner resubmitted his petition on the correct form on June 27, 2016, but failed to provide the grounds for relief and the relief he sought from the Court. ECF No. 3. On August 15, 2016, the Court ordered Petitioner to amend his § 2254 petition to set forth grounds for relief, as well as an explanation of the relief he sought from the Court. ECF No. 5. On August 26, 2016, Petitioner filed his Amended Petition, ECF No. 6 ("the Petition"), which the Court will refer to when addressing the instant request for habeas relief.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2015, Petitioner was arrested and charged with two felonies—rape and abduction—and one misdemeanor—assault and battery. ECF No. 6 at 17, 24. He was held without bond until trial. *Id.* at 17. On April 7, 2016, in the Circuit Court of the County of Chesterfield, Virginia, Petitioner was found not guilty of abduction and rape following a two day jury trial. *Id.* at 17, 22. On the same day, Petitioner pleaded guilty to the one count misdemeanor charge of assault and battery, was sentenced to twelve (12) months incarceration, and was remanded to the custody of the County of Chesterfield Sheriff. *Id.* at 20.

Petitioner neither appealed his conviction nor sought further review by a higher state court. ECF No. 6 at 3 (responding "No" to the questions of "Did you appeal from the judgment of conviction?" and "Did you seek further review by a higher state court?"). Although held in custody for more than twelve months between the time of his arrest on March 28, 2015 and the date of his assault and battery conviction on April 7, 2016, Petitioner was not given credit for time served in connection with his sentence on the misdemeanor conviction. *Id.* at 24. On August 26, 2016, Petitioner filed the instant § 2254 Petition while confined in the Riverside Regional Jail. Scheduled for release on August 28, 2016, Petitioner was so released as evidenced by his Notice of Change of Address filed on September 6, 2016. *See* ECF No. 6 at 17; ECF No. 7 ("Just being release [sic] from Riverside Regional Jail on August 28, 2016, I am writing to update my latest information (address)."). The Petition challenged Petitioner's continued confinement on the assault and battery conviction, and raised a single ground for habeas relief: that Petitioner was serving a longer sentence than required by his Judgment of Conviction. ECF No. 6 at 6.

2

On April 19, 2017, the Attorney General of Virginia, on behalf of the Respondent, filed a Motion to Dismiss, a Brief in Support of Respondent's Motion to Dismiss, a Rule 5 Answer, and a *Roseboro* notice. ECF Nos. 13-16. Petitioner has failed to respond to the Respondent's Motion to Dismiss and the time to do so has expired. Accordingly, this matter is ripe for recommended disposition.

## II. ANALYSIS

### A. Petitioner is Not "in Custody" on the Assault and Battery Conviction

Inasmuch as Petitioner was released from jail upon the completion of his sentence, Petitioner is not in custody as a result of the assault and battery conviction he contests here, and therefore this Court lacks jurisdiction to consider the instant Petition. "The writ of habeas corpus shall not extend to a prisoner unless he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is jurisdictional; if a habeas petitioner is not 'in custody' for the conviction or sentence he is challenging, then the petition must be dismissed for lack of subject matter jurisdiction." *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *3 (W.D. Ky. Jan. 15, 2014), *appeal dismissed* (June 10, 2014).

The Supreme Court has observed that the "in custody" requirement for habeas relief does not require that a petitioner be physically confined in order to challenge his sentence. *Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). Although the Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas, [it has] never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction," such as the instant situation, when the challenged sentence "has

3

fully expired at the time [the] petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). Various circuits have likewise noted that "in custody" requires the petitioner to be confined for the specific conviction being challenged. If the petitioner is not confined pursuant to the conviction which he challenges, then the "in custody" requirement is not met. *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("A petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed"); *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir. 1981) ("We hold that a habeas petitioner does not meet the statutory 'in custody' requirement when he is no longer (and was not at the time he filed his petition) in custody pursuant to the conviction he attacks.").

Petitioner pleaded guilty to assault and battery on April 7, 2016, and received a sentence of twelve months incarceration. ECF No. 6 at 20-21. The Judgment of Conviction provides only for a twelve month period of incarceration, and no term of supervised release or other post-sentence restraint was provided. *Id.* at 20. The instant Petition, which challenged Petitioner's continued incarceration on the assault and battery conviction, was filed on August 26, 2016. Therein, Petitioner averred that he would be released on August 28, 2016, *id.* at 18, and his subsequently filed Notice of Change of Address confirms that he was so released, ECF No. 7. Because Petitioner completed his sentence and is not subject to any further restraint (such as supervised release), the Petition seeks to challenge a conviction for which Petitioner is no longer confined, and he therefore does not satisfy the "in custody" requirement. Accordingly, the undersigned **FINDS** that Petitioner is not "in custody," and thus this Court has no jurisdiction to consider the merits of his Petition. Therefore, the Petition must be **DENIED**.

4

**B. Section 2254 and Exhaustion of Remedies**

In his Motion to Dismiss, the Respondent also raised the ground that Petitioner failed to exhaust his state court remedies. The Respondent is correct. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). It appears from the record that Petitioner has circumvented Virginia's state courts by failing to first present his claims to the Virginia Supreme Court, and, therefore, he has not exhausted his state remedies. This he may not do.

As previously noted in Section I, *supra*, Petitioner neither appealed his conviction nor sought further review by a higher state court. ECF No. 6 at 3 (responding "No" to the questions of "Did you appeal from the judgment of conviction?" and "Did you seek further review by a higher state court?"). Before gaining access to the federal courts on his habeas petition, Petitioner must first present his claims to the state's highest court. In Virginia, that court is the

Virginia Supreme Court. Accordingly, the undersigned **FINDS** that Petitioner has not properly exhausted his state remedies and the Petition must be **DENIED** on this basis as well.[2]

## III. CONCLUSION

This Court does not have jurisdiction to consider the claim Petitioner presents stemming from his assault and battery conviction, because at the time Petitioner filed the instant Amended Petition, he was not in custody as a result of that conviction. Moreover, even if this Court had proper jurisdiction, Petitioner failed to properly exhaust his state court remedies, and therefore the Petition is barred from federal review.

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and the Petition, ECF No. 6, be **DENIED AND DISMISSED WITH PREJUDICE.**

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[2] In the Motion to Dismiss, the Respondent also argues that he is not the proper respondent in this action because Petitioner was not incarcerated at a facility under the control or supervision of the Virginia Department of Corrections. ECF No. 15 at 1, 9-10. Since the Court has determined that it lacks jurisdiction over the Petition in the first instance, it need not address this issue.

2.  A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).


The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge


Norfolk, Virginia
January 26, 2018

7